HAMER ET AL. *vs.* JOHNSON ; ARCUEIL ET AL., GARNISHEES.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

In an action against the maker of a note, payable at a particular place, it is necessary to show *presentment* of the note, and *demand* at the place of payment, to entitle the holder to recover.

The Supreme Court of the United States, in the case of Wallace *vs.* M'Connell, 13 Peters, 136, held that *it is not* necessary to allege and prove a *demand* of payment, in an action against the maker of a note, or acceptor of a bill ; but that it is a matter of defence, if the defendant can show he was ready at the place of payment, and offered to pay, to be pleaded and proved on his part. This court adheres to its former and contrary decision in the case of *Mellen* vs. *Croghan*, 3 *Martin, N. S.* 423.

This is an action against the defendant, John Johnson, who signed a promissory note with one Stephen Johnson, *as security.* The note was executed in the state of Mississippi, "and payable and negotiable at the office of the Planters' Bank at Manchester," in that state. The plaintiffs allege, that when the note became due, the defendant or any one else had no money, either then or afterwards, at the bank to pay such note, and that it remains unpaid.

· The suit was commenced by attaching property or assets of the defendant in the hands of Arcueil, Peyroux & Co., who were made garnishees, and required to answer interrogatories. Having failed to answer within *ten days* after service of process, on motion of the plaintiffs' counsel, a judgment *pro confessis* was entered against them, and which the judge refused to set aside on a rule afterwards taken for that purpose, and to allow them to file answers. The judge

presiding considered that garnishees were *fixed*, if they failed to answer *within ten days*. They appealed.

The defendant pleaded a general denial ; and without any evidence of a demand of payment at the place where the note was made payable, there was judgment for the plaintiffs for the amount of the note, and the defendant appealed.

*G. B. Duncan,* for the plaintiffs, insisted on the affirmance of the judgment against Johnson, and cited the cases of *United States Bank* vs. *Smith,* 11 *Wheaton,* 171, and *Wallace* vs. *M'Connell,* 13 *Peters,* 136 ; and as against the garnishees, the case of *De Blanc* vs. *Webb,* 5 *Louisiana Reports,* 83, and other cases, were relied on.

*Benjamin,* for the defendant, contended :

1. That the court erred in giving judgment for plaintiffs, without any evidence being offered by them of a demand for payment at the place where the note was made payable. This court has repeatedly decided, after full argument and examination, that such demand is a condition precedent to the right of recovery, and such is now the settled jurisprudence of this state. See amongst other cases : *Mellen* vs. *Croghan,* 3 *Martin, N. S.,* 423 ; *Erwin* vs. *Adams,* 2 *Louisiana Reports,* 318 ; *Morton* vs. *Pollard,* 10 *Louisiana Reports,* 552 ; *Warren* vs. *Allnut,* 12 *Louisiana Reports,* 454.

2. In relation to the garnishees, the counsel showed that the judgment *pro confessis,* was against all law and the previous decision of this court, and cited the case of *Proseus* vs. *Mason et al.,* 12 *Louisiana Reports,* 16, and the cases there cited. * *Code of Practice* 263.

*Martin, J.,* delivered the opinion of the court.

This case comes before us on two separate appeals.

1. The plaintiffs instituted suit by attachment against the defendant, on a joint promissory note which he signed *as security.* The note was executed in the state of Mississippi, and made payable to the order of the plaintiffs, at the office of the Planters' Bank, at Manchester, the first of February,

EASTERN DIST.
*April*, 1840.

HAMER ET AL.
*vs.*
JOHNSON ET AL.

1839. There was judgment against the defendant, and he has appealed.

2. The plaintiffs propounded interrogatories to Arcueil, Peyroux & Co., as garnishees, requiring them to answer, *first,* if they had not under their control, property, moneys, &c., belonging to the defendant, and if so, to state its nature and amount. *Second,* if they were not indebted to the defendant, and in what amount? These interrogatories were served on the 11th June, 1839, on the garnishees, and ordered to be answered in ten days. On the 28th of June, the garnishees not having answered, judgment *pro confessis* was entered against them for the amount of the plaintiffs' demand. This judgment was signed the 26th November, and on the 30th judgment was rendered against the defendant for the original debt. The garnishees have appealed.

In an action against the maker of a note, payable at a particular place, it is necessary to show *present-ment* of the note and *demand* at the place of payment, to entitle the holder to recover.

I. The counsel for the defendant and appellant contends, that the judge *a quo* erred in rendering judgment against the defendant, without any evidence being offered of a demand of payment at the place where the note was made payable; and has referred us to our own decisions to show that the settled jurisprudence of this court is, that such a demand is a condition precedent to the right of recovery. *Mellen* vs. *Croghan,* 3 *Martin, N. S.,* 423 ; *Erwin* vs. *Adams,* 2 *Louisiana Reports,* 318 ; *Morton* vs. *Pollard,* 10 idem., 552 ; *Warren* vs. *Allnut,* 12 idem., 454.

The Supreme Court of the United States, in the case of Wallace vs. M'Connell, 13 Peters, 136, held that it *is not* necessary to allege and prove a demand of payment, in action against the maker of a note or acceptor of a bill; but that it is a matter of defence, if the defendant can show he was ready at the place of payment and offered to pay, to be pleaded and proved on his part.

This is certainly correct, but the adverse counsel relies on the case of *Wallace* vs. *M'Connell,* 13 *Peters* 136, in which the Supreme Court of the United States held, that it is not necessary to allege and prove a demand of payment in order to maintain an action against the maker of a note or acceptor of a bill; but is matter of defence, if the maker or acceptor was ready at the place and offered to pay, to be pleaded and proved on his part. The court observes that this was the first time that the question was directly presented for their decision and they solved it, according to the current of decisions of the courts in the several states of the Union, without expressing or intimating any opinion, whether the grounds on which this rule was established, were questionable. In

England, from whence most, if not all, the other states Eastern Dist. derive their commercial law, this question was unsettled April, 1840. until the year 1820; the jurisprudence of the Court of Common Pleas being the same as *that* established by the decision HAMER ET AL.<br>vs.<br>JOHNSON ET AL. of this court; and *that* of the Court of King's Bench, in accordance with the principle lately recognized by the This court adheres to its former and contrary decision in the case of Mellen vs. Croghan, 3 Martin, N. S., 423. Supreme Court of the United States, in the case above cited. In that year the House of Lords reversed a judgment of the Court of King's Bench, and sanctioned the doctrine, that in an action against the acceptor of a bill of exchange, payable at a particular place, the plaintiff must aver and prove presentment at the place of payment in order to recover. *Rowe* vs. *Young*, 2 *Brodcrip & Bingham*, 165.

The parliament was induced by this decision, immediately to pass an act declaring, " that after the 1st August, 1821, if a bill of exchange was accepted, payable at the house of a banker, or other place, without further expression in his acceptance, it shall be deemed and taken a *general acceptance* of such bill; but if the acceptor shall in his acceptance, express that he accepts the bill, payable at a banker's house or other place *only, and not otherwise, or elsewhere,* such acceptance shall be a qualified acceptance, and the acceptor shall not be liable to pay the bill except in default of payment, when such payment shall have been first duly demanded at the place of payment."

We do not consider ourselves at liberty to change the settled jurisprudence of this court. It is meet, that while we settle the rights of the parties litigant before us, the rest of the community should find in our decisions a rule on which they may rest assured that future cases of the same kind will receive the same determination; that our decisions should be beacons, not decoys or snares. If the principles which we establish are found inconvenient, the legislature may do what was done by the parliament of England, and fix a rule by which future cases may be determined.

The plaintiffs in this case have not shown presentment of the note sued on at the place of payment, and are not consequently entitled to recover. The judgment of the court below must, therefore, be reversed.

EASTERN DIST.
*April*, 1840.

II. The judgment against the garnishees being based on that against the defendant, must follow it, and share the same fate.

It is, therefore, ordered, adjudged and decreed, that both judgments of the Commercial Court be annulled and reversed, and that the case be remanded for a new trial ; the plaintiffs and appellees paying costs of the appeal.